IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DAMIEAN DEVON TOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-1045-JDT/egb |
| | ) | |
| MICHAEL DONAHUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT

Plaintiff Damiean Devon Tolson, an inmate at the Hardeman County Correctional Facility ("HCCF"), filed a pro se complaint pursuant to 42 U.S.C. § 1983 against HCCF Warden Michael Donahue, Sergeant Mark Bowlin, Case Manager Tomeka McKinnie, Unit Manager Sheila Martin, Corrections Corporation of America, and Lieutenant Woods. All defendants have been dismissed from the action except Case Manager McKinnie. Defendant McKinnie has now filed a motion for summary judgment; Plaintiff has filed a response; Defendant has filed a reply; and Plaintiff has filed a sur-reply. For the reasons set forth below, Defendant's motion [DE# 40] is GRANTED.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is,

pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Revised Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[1] or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In Celotex Corp., the Supreme Court explained that Rule 56:

---

[1] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

2

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"

Id. at 252; see also Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)). However, the court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of

3

the matter.  Liberty Lobby, 477 U.S. at 249.  Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.

In the complaint, Plaintiff alleges that he told Defendant McKinnie that he was at risk of attack by gang members in his assigned unit because he was not a gang member.  Plaintiff alleges that Defendant told him that he would have to be assaulted before his housing assignment could be changed or he could go to segregation for refusing a housing assignment.  Plaintiff alleges that he was assaulted by the gang members on November 13, 2012. Complaint at p. 4.

Defendant has moved for summary judgment on the ground that she was not aware of a potential threat to Plaintiff prior to the assault and, therefore, did not violate his Eighth Amendment rights. She also contends that Plaintiff has not exhausted his administrative remedies under the Prison Litigation Reform Act ("PLRA").

The Eighth Amendment prohibits prison officials from acting with deliberate indifference to a substantial risk of serious harm to a prison inmate.  Farmer v. Brennan, 511 U.S. 825, 828 (1994). The Supreme Court has explained that "having stripped [inmates] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." Id. at 833. Thus, prison officials "have a duty ... to protect prisoners from violence at the hands of other prisoners." Id.  However, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's

4

safety." Id. at 834. Instead, in order to establish a constitutional violation, a prison inmate must meet two requirements, i.e., an objective and subjective component. See Curry v. Scott, 249 F.3d 493, 506 (6th Cir. 2001).

To satisfy the objective component, the inmate must show that the failure to protect him from risk of harm is objectively "sufficiently serious." Farmer, 511 U.S. at 828. In particular, the inmate must show that "he is incarcerated under conditions posing a substantial risk of serious harm." Id.; Hudson v. McMillian, 503 U.S. 1, 8 (1992) (the objective component requires a determination of whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation").

To satisfy the subjective component, the inmate must establish that prison officials acted with deliberate indifference to his health or safety. Bishop v. Hackel, 636 F.3d 757, 766 (6th Cir. 2011). "An official is 'deliberately indifferent' if he or she 'knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.' " Id. (quoting Farmer, 511 U.S. at 837). That awareness can be demonstrated through "inference from circumstantial evidence ... and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that a risk was obvious." Farmer, 511 U.S. at 842. However, "a prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if the risk was obvious and a reasonable prison official would have noticed it." Bishop, 636 F.3d at 767.

In her motion, Defendant states, "Prior to November 13, 2012, the date of the alleged assault, there is no record of any protective services inquiries concerning Plaintiff." Sworn Declaration of McKinnie ¶ 6 (emphasis added). The allegations in Plaintiff's sworn complaint support Defendant's statement. In the complaint, Plaintiff states that he reported the first altercation with previously unknown gang members to Defendant after the incident occurred [DE# 1 at p. 4]. In his response to Defendant's motion, Plaintiff contends that he filed a grievance concerning this matter on November 15, 2012, which was after the altercation. He states that the grievance number is 21525255859, but he does not have the grievance in his possession and was purportedly told that it has been "archived." Pl's Response at p. 1 [DE# 42]. It is only in his unsworn response to Defendant's interrogatories [DE# 46 at para. 13] that Plaintiff states that the grievance was filed before the altercation.

Plaintiff cannot create a disputed issue of fact by contradicting his own previous sworn statements. Courts "have held with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement ... without explaining the contradiction or attempting to resolve the disparity." Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999) (citations omitted). See also Aerel, S.R.L. v. PCC Airfoils, L.L.C., 448 F.3d 899, 907 (6th Cir. 2006); Peck v. Bridgeport Machines, Inc., 237 F.3d 614, 619 (6th Cir. 2001).

Because both Defendant's sworn statement and the sworn statements of Plaintiff show that Defendant was not aware of the alleged threat to Plaintiff until after the attack, Plaintiff

6

cannot meet the subjective component of his Eighth Amendment failure to protect claim,[2] and Defendant is entitled to summary judgment.

Defendant also contends that Plaintiff has not exhausted his administrative remedies as to his claim against her. The PLRA provides at 42 U.S.C. § 1997e (a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The PLRA requires a prisoner to exhaust his administrative remedies before filing a federal lawsuit. Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001); White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997). The purpose of requiring the exhaustion of a prison's administrative remedies is to give the prison officials notice of the alleged mistreatment and an opportunity to correct it without resort to judicial intervention.

> In describing the alleged mistreatment or misconduct, ... we would not require a prisoner's grievance to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.

Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003).

Furthermore, "[t]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 92 (2006).

> [P]roper exhaustion of administrative remedies . . . "means using all steps that

---

[2] The court has assumed for the purpose of deciding this motion only that Plaintiff has met the objective component of his claim.

> the agency holds out, and doing so properly. . ." . . . . Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules.

Id. at 90 (citations omitted). Thus, before a district court can adjudicate a conditions of confinement claim, the court must determine whether the prisoner has complied with the exhaustion requirement. Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir.1999).

Plaintiff has submitted no evidence that he filed a grievance on his claim against this defendant. Although he claims that he filed one, he asserts that the grievance has been "archived" and he has no access to it. The copy of the grievance that Plaintiff has filed with the court concerns Defendant Bowlin and his alleged failure to help Plaintiff regain his property. Because Defendant McKinnie is entitled to summary judgment as discussed above, the court need not decide whether Plaintiff's contention that he did, in fact, file a grievance against Defendant McKinnie but has not been given access to it creates a disputed issue of material fact that would warrant denying Defendant's motion.

In summary, Defendant McKinnie's motion for summary judgment is GRANTED. Because she is the sole remaining defendant, the clerk is DIRECTED to enter judgment. IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE